IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTEL MARTIN, et al.,

      Plaintiffs,                No. 2:11-cv-01063 MCE KJN

      v.

SAFECO INSURANCE COMPANY
OF AMERICA,

      Defendant.              <u>ORDER</u>

      /

      Presently before the court is the parties' proposed stipulated protective order, which seeks approval of an order governing the viewing and dissemination of documents and other information that the parties intend to designate as "confidential" (Dkt. No. 20).[1] The undersigned does not approve the proposed stipulated protective order as drafted because it does not meet the requirements of this court's Local Rule 141.1. The proposed stipulated protective order raises one additional concern identified below.

      This court's Local Rule 141.1(c) provides:

> **(c) Requirements of a Proposed Protective Order.** All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order. Every proposed protective

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

order shall contain the following provisions:

> **(1)** A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> **(2)** A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> **(3)** A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c). Although the proposed stipulated protective order essentially makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3). Thus, the parties have not made the showing required by Local Rule 141.1, and the undersigned does not approve the stipulated protective order as proposed. However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.

The undersigned also addresses one additional aspect of the proposed stipulated protective order that the undersigned does not approve, and will not approve if included in any resubmitted stipulated protective order. Paragraph 10.0 purports to effectuate the automatic sealing of documents that are subject to the stipulated protective order and are filed with the court. This provision is inconsistent with Local Rule 141.1(e), which provides: "Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141." E. Dist. Local Rule 141.1(e). Neither Local Rule 141 nor Local Rule 141.1 provides for the automatic sealing of documents filed with the court; indeed, these rules prohibit such automatic sealing by way of a previously entered protective order. See E. Dist. Local Rule 141(a) ("To ensure that documents are properly sealed, specific requests to seal must be made even if an existing protective order, statute, or rule requires or

permits the sealing of the document."). Accordingly, the undersigned will not approve a stipulated protective order, such as the one presented here, which includes an automatic sealing provision. The parties are required to file a request to seal in accordance with the Eastern District Local Rules, including Local Rules 141 and 141.1, and the Federal Rules of Civil Procedure.

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' proposed stipulated protective order is not approved, but without prejudice to the refiling of a sufficient proposed stipulated protective order if the parties are unable to reach a private agreement.

IT IS SO ORDERED.

DATED: July 3, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE