PAMELA E. COGAN (SBN: 105089)
STACY M. TUCKER (SBN: 218942)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA  94063-2052
Telephone:	(650) 364-8200
Facsimile:	(650) 780-1701

Attorneys for Defendant
SAFECO INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEL MARTIN, MARK MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO.  2:11-CV-01063-MCE-KJN<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING (1) DOCUMENT VIEWING AND CUSTODY; AND (2) RESTRICTING DISSEMINATION OF DISCOVERY AND ORDER** |

### STIPULATION FOR PROTECTIVE ORDER REGARDING DOCUMENTS VIEWING AND CUSTODY

IT IS HEREBY STIPULATED by Plaintiffs KRISTEL MARTIN AND MARK MARTIN and defendant SAFECO INSURANCE COMPANY OF AMERICA (hereinafter referred to as "SAFECO") by and through their attorneys of record, the following agreement for protective order regarding document viewing and custody and restriction of dissemination of discovery will be binding on plaintiffs, and their counsel, and other necessary parties as set forth herein.

**0.0**	**RECITALS**

    **0.1**	Plaintiffs have requested production of "All applicable claims manuals, rules and guidelines as to the adjustment and evaluation of uninsured/underinsured motorist claims at

Safeco Insurance Company of America." The SAFECO rules, guidelines, policies and procedures responsive to Plaintiff's request shall herein be known as "the Claims Guidelines."

**0.2** SAFECO maintains that the Claims Guidelines are proprietary and confidential commercial material protected from discovery based upon privileges including, but not limited to, the trade secret privilege, privilege, the attorney-client privilege and/or the attorney work-product doctrine.

**0.3** The parties agree that a Court-issued protective order is necessary, in lieu of a private agreement between the parties, because the parties anticipate that they may be seeking to file documents under seal during the course of the case. Local Rule 141(b) requires that any request to file documents under seal "set forth the statutory or other authority for sealing…." A Court-issued protective order would establish such authority and facilitate the parties' efforts to respect the confidential nature of the documents at issue. A Court-issued protective order will also provide a judicial mechanism for enforcement, as opposed to a private agreement.

**0.4** In consideration of the foregoing, Plaintiffs and SAFECO hereby stipulate:

1. That all parties agree to this protective order;
2. That production of documents identified in the Recitals herein (hereinafter "Documents" or "Confidential Information"), shall be subject to the following protective order;
3. That all parties will move the court to make this stipulation a court order.

**1.0  STIPULATION FOR COURT ORDER**

Production of the Documents hereinafter specified shall be mailed from:

> ROPERS, MAJESKI, KOHN & BENTLEY
> 1001 Marshall Street, Suite 500
> Redwood City, California  94063

to counsel for Plaintiffs and production shall proceed in the following manner:

a) This stipulation shall have previously been executed;
b) Counsel for the parties herein shall have submitted this stipulation to the Court for signing to become an order of the Court order for the purpose of limiting the

dissemination and use of the Documents produced hereunder;

c) Those persons viewing the requested Documents or copies of the same shall agree to the terms and conditions set forth in the Viewing Record And Agreement (attached hereto as Exhibit A); and

d) Copies of all Documents produced by SAFECO pursuant to this protective order shall be designated "CONFIDENTIAL."

**2.0   PERSONS AUTHORIZED TO TAKE CUSTODY**

Only Plaintiffs' attorneys of record for the parties, law clerks, secretaries, translators, and qualified stenographers for said attorneys, and any experts actually hired for consultation and/or testimony in connection with this case, shall be allowed to retain custody of copies of the "Documents" or notes taken therefrom.

**3.0   PROCEDURE FOR GRANTING CUSTODY**

Prior to granting custody of copies of the subject Documents or notes taken therefrom, each person who is to take such custody shall be brought within the personal jurisdiction of the Court, including its contempt power, by signing a copy of this order signifying agreement to its provisions and consent to jurisdiction of the Court over his or her person for any proceedings involving alleged improper disclosures. Each such signature shall be made under penalty of perjury.

**4.0   PERSONS AUTHORIZED TO VIEW DOCUMENTS**

The following persons will be allowed to view the subject Documents or notes taken therefrom: (1) Plaintiffs; (2) the attorneys of record for the parties in this case, including their law clerks, secretaries, translators, qualified stenographers and necessary administrative personnel of said attorneys; (3) the Court and its personnel; (4) experts and consultants relied upon by counsel; (5) witnesses called upon to testify in this case; and (6) a neutral mediator or mediators agreed to by the parties for alternative dispute resolution proceedings.

**5.0   VIEWING RECORD AND AGREEMENT**

Plaintiff's consultants and witnesses shall not be allowed or authorized to examine any

portion of said Documents or notes arising therefrom, or to discuss the contents of either, until such consultant or expert witness has:

(1) Read this Court Order; and

(2) Completed and signed the "Viewing and Custody Record and Agreement" attached hereto as Exhibit "A".

## 6.0 DEPOSITIONS

Portions of transcripts of depositions in which any Confidential Information is quoted, paraphrased, discussed or referred to, or in which the subject matter covered by any Confidential Information is discussed or referred to, shall be subject to the same confidential treatment provided herein for the underlying Confidential Information and shall be designated as "Confidential." The court reporter will include in the transcripts the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on all pages that have been designated as containing Confidential Information, and all deposition exhibits that contain or constitute Confidential Information shall be attached to the transcript separately in a sealed envelope containing the following notice: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" together with a cover sheet stapled to the sealed envelope containing the case caption, signature of counsel for the party presenting the Confidential Information and a list of the title(s) of the documents containing Confidential Information. Requests for such confidential treatment may be made at the deposition or at the latest within thirty (30) days after receipt of a transcript thereof. All transcripts of depositions shall be treated as confidential for at least that 30 day period.

## 7.0 JURISDICTION

Plaintiffs' consultants and expert witnesses by signing the "Viewing and Custody Record and Agreement" thereby agree to be subject to the jurisdiction of this Court for contempt and other appropriate proceedings in the event of an alleged violation of this Protective Order.

## 8.0 NON-DISCLOSURE

No person authorized hereunder to view copies of the Documents or to make notes therefrom, may disclose any portion of the subject matter or contents of either to any person not authorized hereunder.

**9.0    NON-DISSEMINATION**

The Documents, copies of any portion of the same, contents of the Documents itself and all notes arising from examination of said Documents, as well as discussions of the contents thereof or the information contained therein, shall be used only in connection with the instant case, including any appeals or writs, and shall be used for no other purposes whatsoever including, but not limited to other lawsuits, actions, claims or demands.

**10.0    ALL DOCUMENTS FILED WITH THE COURT SHALL BE SEALED**

All motions or other Documents filed with the Court, if any, which reveal any portion of the contents of the Documents, or notes arising therefrom, shall be contemporaneously filed with a specific motion to seal the designated Confidential material filed with the by the disclosing party in accordance with Local Rule 141.  Any party whose confidential information is being disclosed in a submission to the Court in or with such affidavit, brief, memorandum or other paper may join the disclosing party in moving to file the designated material under seal.  At any hearing or proceeding in which any Document covered by this order is referred to, revealed or discussed, either party can request that the hearing or proceeding be conducted in chambers.

**11.0    DISPUTED DOCUMENTS**

Should Plaintiffs or Plaintiffs' counsel believe that a document marked "CONFIDENTIAL" should not have been so marked, or is not properly subject to this order, plaintiffs shall have the right up to sixty (60) days prior to the trial date ordered by the Court to file a motion with the court seeking to have the document and/or documents removed from any protected status.  Upon the filing of such motion, SAFECO shall have the burden of establishing that the document or documents are subject to protection.  Any document produced in response to Plaintiffs discovery request which Plaintiffs contend has been erroneously designated as protected, shall nevertheless be treated as a Protected Document unless and until Plaintiffs obtain an order of this court finding that the document is not a protected document.

**12.0    NON-WAIVER**

The production of the subject Documents for inspection, viewing and custody shall not

constitute a waiver of SAFECO's right to claim in this lawsuit or otherwise, that said Documents or any Documents described therein are privileged or otherwise non-discoverable or admissible. The production shall also not constitute a waiver of SAFECO's right to assert its confidential, trade secret or exclusive rights with respect to the Documents.  The inadvertent or unintentional disclosure of the Documents shall not be deemed a waiver in whole or in part of the confidential nature of the Documents.  Any such inadvertently or unintentionally disclosed Documents shall be designated as "Confidential"  as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure and the producing party shall provide counsel for the other parties with a duplicate copy bearing the legend "CONFIDENTIAL," whereupon the unmarked copies will be returned or destroyed.

**13.0   USE AT TRIAL**

Nothing herein shall preclude any party from using Protected Documents and or testimony designated as confidential, under the terms of this Protective Order, in connection with any trial in the above captioned action or from seeking further protection with respect to the use of any such documents in connection with any such trial.

**14.0   SURRENDER OF DOCUMENTS**

At the conclusion of the subject litigation, all Documents produced under this protective order, and any copies thereof or notes taken thereon, except such notes as may be attorney-client privileged or attorney work product of Plaintiffs' counsel, shall be returned to SAFECO's counsel within ten (10) days.  All notes that Plaintiffs contend or believe are attorney-client privileged or attorney work product shall be destroyed at the conclusion of the subject litigation and certification of their destruction shall be provided to SAFECO's counsel.

**15.0   RECONSIDERATION**

This Protective Order is without prejudice to reconsideration by the Court as discovery continues into the nature of said Documents, with all such reconsideration motions subject to the protective procedures described herein.

I have read the above and agree to abide by the terms set forth therein on behalf of myself,

my firm, and my client.

Dated: July 12, 2012                    DREYER BABICH BUCCOLA WOOD, LLP


By  *Hank G. Greenblatt*
    HANK G. GREENBLATT
    Attorneys for Plaintiffs KRISTEL AND
    MARK MARTIN


Dated: July 12, 2012                    ROPERS, MAJESKI, KOHN & BENTLEY


By *Pamela E. Cogan*
    PAMELA E. COGAN
    STACY M. TUCKER
    Attorneys for Defendant
    SAFECO INSURANCE COMPANY OF
    AMERICA


**ORDER**

    IT IS SO ORDERED.

Dated: July 17, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**VIEWING AND CUSTODY RECORD AGREEMENT**

I, _____, hereby certify my understanding that confidential information is being provided to me pursuant to the terms of the Protective Order dated _____, in <u>Kristel Martin, et al. v. Safeco Insurance Company of America</u>, U.S.D.C. for the Eastern District of California, Case No. 2:11-CV-01063-MCE-KJN.  I have been given a copy of and read the terms of the Protective Order and hereby agree to be bound by its terms.  I agree that I will not disclose any CONFIDENTIAL INFORMATION as defined in the Protective Order to any persons or in any manner not specifically authorized by the Protective Order.  I also agree that I will not copy or use any CONFIDENTIAL INFORMATION except as expressly authorized by the Protective Order and I agree that I will return all CONFIDENTIAL INFORMATION (including any copies thereof) no later than ten (10) days after the final termination of this action to the counsel for the party who provided such confidential information to me.

Dated: _____     _____