1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KRISTEL MARTIN, et al.,

11           Plaintiffs,                    No. 2:11-cv-01063 MCE KJN

12        v.

13   SAFECO INSURANCE COMPANY
     OF AMERICA,

14
            Defendant.                      ORDER
15   _____/

16           Presently before the court is plaintiffs' motion to compel discovery responses, and

17   the parties narrowed the dispute prior to the filing of the Joint Statement re Discovery

18   Disagreement ("Joint Statement") such that plaintiffs only seek to compel further responses to

19   their Requests for Admission, Set Two, requests 14 through 24 (Dkt. No. 18).[1]  The court heard

20   this matter on its July 26, 2012 civil law and motion calendar.  Attorneys Ryan L. Dostart and

21   Hank G. Greenblatt appeared on behalf of plaintiffs.  Attorney Stacy M. Tucker appeared on

22   behalf of defendant.

23           The court has fully considered the parties' Joint Statement and oral arguments.

24   For the reasons stated below and further explained on the record at the hearing, the court denies

25

26        [1]  This matter proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

1  plaintiffs' motion to compel.  In short, plaintiffs' requests for admission numbered 14 through 24

2  ask defendant to admit or deny what its general "legal obligations" were in the context of

3  reviewing and settling plaintiff Kristel Martin's insurance claim or claims, which amount to

4  improper requests for admissions or denials as to legal conclusions.  See Playboy Enters., Inc. v.

5  Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to

6  compel an admission of a conclusion of law."); see also, e.g., Garcia v. Clark, No. 1:10-CV-

7  00447-LJO-DLB PC, 2012 WL 1232315, at *11 (E.D. Cal. Apr. 12, 2012) (unpublished)

8  (concluding that a request to admit "that for three years plaintiff was given a reasonable

9  accommodation to take his kosher meals back to his cell" improperly sought the admission of a

10  legal conclusion on the grounds that whether the accommodation was "reasonable" was a legal

11  conclusion); Holston v. DeBanca, No. CIV S-09-2954 KJM DAD P, 2012 WL 843917, at *12-13

12  (E.D. Cal. Mar. 12, 2012) (unpublished) (ruling that in the context of an excessive force claim,

13  several requests for admission improperly sought legal conclusions, noting that the requests did

14  not reference the facts of that case and asked the "defendant to admit various legal propositions,

15  conceding the elements of a claim or affirming certain legal standards"); Bovarie v.

16  Schwarzennegger, Civ. No. 08cv1661 LAB (NLS), 2011 WL 719206, at *6 (S.D. Cal. Feb. 22,

17  2011) (unpublished) (concluding that several requests seeking admissions pertaining to the

18  "medical standard" of care in California and its prisons impermissibly sought admissions of legal

19  conclusions); Playboy Enters., Inc., 60 F. Supp. 2d at 1057 (concluding that requests seeking the

20  defendant's admissions that she was a "public figure" as defined in case law and that a specific

21  contract required certain actions by defendant impermissibly sought legal conclusions).  The

22  requests in question are not appropriately phrased as requests for admission involving the

23  "application of law to fact," which would fall within the scope of Federal Rule of Civil

24  Procedure 36(a)(1)(A).

25  ////

26  ////

1         Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to compel (Dkt.

2    No. 18) is denied.

3         IT IS SO ORDERED.

4    DATED:  July 26, 2012

5

6    _____

7    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26